UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DRISS SLIMANI, FABIO VENTIMIGLIA and                    Civil Action No.
ALEX CAMPEDELLI, individually, and on behalf
of all others similarly situated,

                            Plaintiffs,

                                                        COLLECTIVE ACTION
            -against-                                   COMPLAINT and
                                                        JURY DEMAND
330 WB OPERATIONS LLC  d/b/a SOLA PASTA
BAR, NICOLA PEDRAZZOLI, SIMONE TILIGNA
and MARC PEDRAZZOLI,

                            Defendants.
-------------------------------------------------------------X

        Plaintiffs Driss Slimani, Fabio Ventimiglia and Alex Campedelli  (collectively,

"Plaintiffs"), by their attorneys Kaiser Saurborn & Mair, P.C., complaining of Defendants 330

WB Operations LLC d/b/a Sola Pasta Bar ("Sola"), Nicola Pedrazzoli, Simone Tiligna and

Marc Pedrazzoli (collectively,"Defendants"), alleges as follows:

## NATURE OF THE ACTION

        1.      Driss Slimani and Fabio Ventimiglia worked as servers and Alex Campedelli

worked as a cook at Defendants' restaurant, Sola, in Manhattan.  During the course of their

employment, the Defendants preyed on the Plaintiffs and failed to pay them overtime wages for

all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"),

and the New York Labor Law ("NYLL"); they also failed to pay them spread-of-hours pay or

furnish them with wage notices and accurate weekly wage statements; and at the end of their

tenure they failed to or withheld pay for their final work periods.

        2.      Plaintiffs bring this action pursuant to the FLSA, NYLL, the New York State

Wage Theft Prevention Act ("WTPA") and New York common law seeking declaratory and

injunctive relief against Defendants' unlawful actions and to recover unpaid overtime wages, unpaid wages, spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because all events relevant to this action occurred at Sola, located and operated by Defendants in New York County, New York, which is in the Southern District of New York.

## THE PARTIES

5.      Plaintiff Driss Slimani is a natural person over the age of 18 who presently resides in Italy.

6.      Mr. Slimani worked at Sola as a server from approximately January 19, 2019 to February 22, 2019.

7.      Plaintiff Fabio Ventimiglia is a natural person over the age of 18 who presently resides in California.

8.      Mr. Ventimiglia worked at Sola as a server from approximately November 19, 2017 to February 28, 2019.

9.      Plaintiff Alex Campedelli is a natural person over the age of 18 who presently resides in California.

10.     Mr. Campedelli worked at Sola as a food preparer and cook from approximately September 1, 2017 to February 28, 2019.

11.     Defendant 330 WB Operations LLC is a New York limited liability company that owns, operates, and does business as Sola Pasta Bar, a restaurant located at 330 West Broadway, New York County, New York.

12.     Throughout Plaintiffs' employment, Sola has had employees, including the Plaintiffs, engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13.     Upon information and belief, within the three years prior to the filing of this Complaint, Sola had an annual gross volume of sales in excess of $500,000.

14.     Nicola Pedrazzoli ("N. Pedrazzoli"), a natural person over the age of 18 and resident of Manhattan, at all times herein relevant was and is a majority owner and manager of Sola.

15.     Simone Tiligna ("Tiligna") a natural person over the age of 18 and resident of Brooklyn, New York, at all times herein relevant was and is a minority owner and manager of Sola.

16.     Marc Pedrazzoli ("M. Pedrazzoli"), a natural person over the age of 18 and resident of Brooklyn, New York, at all times herein relevant was and is a manager of Sola.

17.     Throughout Plaintiffs' employment at Sola, N. Pedrazzoli, Tiligna and M. Pedrazzoli were each actively involved in managing the day-to-day operations of Sola and present at the restaurant on a regular, or even a daily basis, exercising authority over personnel

3

decisions at Sola, including hiring and firing Sola employees, setting their wages and work schedules, directing their work duties, and otherwise controlling the terms and conditions of their employment.

18.     N. Pedrazzoli, Tiligna and M. Pedrazzoli exercised sufficient control over Sola operations and Plaintiffs' employment to be considered Plaintiffs' employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

19.     Sola is open to the public every day of the week, and employees are engaged from 6:00 a.m. to after midnight.

20.     Sola solicited employees in various ways, including through advertisements distributed over the internet.

21.     Sola recruited employees in Italy, through web sites and postings that offered restaurant positions, with promises of sponsorship for permanent U.S. residency and citizenship.

22.     These promises were false in that Sola did not assist with bona fide citizenship or permanent resident applications, but instead provided false identities, green cards and social security numbers, for which it improperly charged or deducted these from employees' wages.

23.     Sola used these circumstances to exploit employees, including some of the Plaintiffs or potential plaintiffs, by underpaying or withholding pay, and threatening to terminate employment, make reports to legal authorities or have them arrested if they objected or complained.

24.     During his employment, Slimani regularly worked more than 40 hours a week and at times more than 70 hours a week.

25.    During his employment, Defendants paid Slimani at a rate of $15.00 per hour for all hours worked, including those hours over forty in a work week.

26.    From the start of his employment, Ventimiglia periodically worked more than 40 hours a week and at times more than 50 hours a week.

27.    During his employment, Defendants paid Ventimiglia at a rate of $15.00 per hour for all hours worked, including those hours over 40 in a work week.

28.    During his tenure of employment at Sola, Defendants paid Campedelli at a flat weekly rate of $1,250 for all hours worked, including those hours over forty in a work week.

29.    Throughout his employment, Campedelli regularly worked more than 40 hours a week and at times more than 60 hours a week.

30.    Defendants did not pay any of the Plaintiffs, or similarly-situated employees, at the rate of one and one-half times the hourly wage rate for hours worked in excess of forty during a work week.

31.    Defendants did not compensate the Plaintiffs, or similarly-situated employees, with one hour's pay at the basic minimum hourly wage rate for each day their shifts exceeded ten hours.

32.    Defendants did not provide statements to the Plaintiffs, or similarly-situated employees, with each wage payment that, inter alia, accurately reflected the rate of pay and number of hours worked, including overtime hours and pay, and all deductions made.

33.    Defendants failed to furnish the Plaintiffs, or similarly-situated employees, with wage notices at the time of hiring or following a change in rates of pay.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on

behalf of themselves and the following class of persons:

> All service employees who worked for the Defendants at any time
> from six years prior to the filing of this action to the entry of
> judgment in this action who give their consent, in writing, to
> become party plaintiffs (hereinafter the "FLSA Class").

35.     Plaintiffs and other members of the FLSA Class are similarly situated inasmuch

as, *inter alia,* they were required to work in excess of 40 hours a week without being paid proper

overtime compensation.

36.     Defendants have known that the Plaintiffs and similarly-situated employees have

performed work that has required overtime compensation.  Nevertheless, Defendants have

operated under a scheme to deprive the Plaintiffs and the other members of the FLSA Class of

overtime compensation by failing to properly compensate them for all time worked.

37.     Defendants' conduct, as alleged herein, has been willful and has caused

significant damage to the Plaintiffs and similarly-situated employees.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Overtime Wages)

38.     Pursuant to Fed.R.Civ.P. 10(c), Plaintiffs adopt by reference the foregoing

paragraphs hereof with the same force and effect as if separately alleged and reiterated herein.

39.     At all relevant times, the Defendants, as employers, employed the Plaintiffs and

FLSA Class as employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. §

203(d), (e)(1), and (g).

40.     The business activities of the Defendants are related and performed through

6

unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203® ).

41.    Defendants employ employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

42.    Upon information and belief, at all relevant times, the enterprise of the Defendants has had an annual gross volume of sales made or business done not less than of$500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (s)(1)(a)(ii).

43.    Therefore, at all relevant times, the Plaintiffs and FLSA Class have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

44.    In many work weeks the Defendants willfully and repeatedly violated (and are still violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2) by failing to pay the Plaintiffs and FLSA Class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week.

45.    By 29 U.S.C. § 216(b), Defendants are liable to the Plaintiffs for unpaid or underpaid wages and overtime compensation.

46.    Plaintiffs are further entitled to recover of the Defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

47.     Defendants failed to post notices of all Sola employees' rights under the law, required by 29 C.F.R. § 516.4.

48.     Because of Defendants' failure to post notices of the defendants' employees' rights under the law, the Plaintiffs and FLSA Class are entitled to the equitable tolling of their claims during the time that the Defendants failed to post such notices.

49.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

50.     Defendants were required to pay Plaintiffs one and one-half (11/2) times the regular rate at which Plaintiffs were employed, which shall not be less than the minimum wage, for all hours worked in excess of forty hours in a work week pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

51.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs their overtime wages.

52.     Because Defendants violated the FLSA, Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Overtime Wages)**

53.     Pursuant to Fed.R.Civ.P. 10(c), Plaintiffs adopt by reference the foregoing paragraphs hereof with the same force and effect as if separately alleged and reiterated herein.

54.     Under the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiffs one and one (11/2) half times the regular rate of pay, which shall not be less than

8

the minimum wage, for all hours worked in excess of forty.

55.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

56.    Because Defendants willfully violated the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
#### (New York Labor Law – Failure to Pay Wages)

57.    Pursuant to Fed.R.Civ.P. 10(c), Plaintiffs adopt by reference the foregoing paragraphs hereof with the same force and effect as if separately alleged and reiterated herein.

58.    Defendants failed to pay the Plaintiffs the overtime wages to which they were entitled under the NYLL.

59.    Defendants or some of them also improperly took all or part of the gratuity left by Sola's patrons for Plaintiffs, in violation of NYLL § 196-d.

### FOURTH CAUSE OF ACTION
#### (New York Labor Law – Spread-of-Hours Pay)

60.    Pursuant to Fed.R.Civ.P. 10(c), Plaintiffs adopt by reference the foregoing paragraphs hereof with the same force and effect as if separately alleged and reiterated herein.

61.    Defendants failed willfully to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

62.    By their failure to pay Plaintiffs spread-of-hours pay, Defendants willfully

9

violated the Section 650 et seq., of the NYLL and violated the supporting NYDOL regulations,

including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

63.    Because Defendants willfully violated the NYLL, Plaintiffs are entitled to recover

an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and

post-judgment interest, and liquidated damages.

## FIFTH CAUSE OF ACTION
### (Wage Theft Prevention Act – Failure to Provide Wage Notices)

64.    Pursuant to Fed.R.Civ.P. 10(c), Plaintiffs adopt by reference the foregoing

paragraphs hereof with the same force and effect as if separately alleged and reiterated herein.

65.    The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to

provide all employees with a written notice of wage rates at the time of hire and whenever there

is a change to an employee's rate of pay.

66.    In violation of NYLL § 195(1), at the time of their hiring, Defendants failed to

furnish to the Plaintiffs with a wage notice containing the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer in accordance with NYLL § 191; the name of the

employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer, and anything otherwise required by law; in violation of the

NYLL § 195(1).

67.    Because Defendants violated  NYLL § 195(1), Plaintiffs are entitled to recover

from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SIXTH CAUSE OF ACTION
### (Wage Theft Prevention Act – Failure to Provide Wage Statements)

68.     Pursuant to Fed.R.Civ.P. 10(c), Plaintiffs adopt by reference the foregoing paragraphs hereof with the same force and effect as if separately alleged and reiterated herein.

69.     The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they receive their wages.

70.     Defendants failed to furnish Plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; the name of the employee; name of the employer; the address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

71.     Due to Defendants' violation of NYLL § 195(3), Plaintiffs are entitled to recover from Defendants liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SEVENTH CAUSE OF ACTION
### (Breach of Contract – Failure to Pay Wages)

72.     Pursuant to Fed.R.Civ.P. 10(c), Plaintiffs adopt by reference the foregoing paragraphs hereof with the same force and effect as if separately alleged and reiterated herein.

11

73.    Defendants failed to pay at least some of the Plaintiffs all of the wages due, including those accrued as of their separation, and in at least one case failed to honor an agreement to increase wages, and also withheld gratuities that had been given to them by customers.

74.    As a result of the foregoing, Plaintiffs are entitled to recover from Defendants their damages, as well as the costs and disbursements of the action.

## EIGHTH CAUSE OF ACTION
### (Declaratory Relief)

75.    Pursuant to Fed.R.Civ.P. 10(c), Plaintiffs adopt by reference the foregoing paragraphs hereof with the same force and effect as if separately alleged and reiterated herein.

76.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 57, the Plaintiffs may obtain declaratory relief.

77.    Defendants violated, among other laws, Department of Labor rules and regulations, the Fair Labor Standards Act, NYLL § 191, and the Wage Theft Prevention Act.

78.    A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

79.    A declaratory judgment would also address and afford relief from uncertainty, insecurity, and controversy of the facts giving rise to this action.

80.    It is also in the public interest to have these declarations of rights and illegal employment practices confirmed and recorded.

81.    As a result of the foregoing, Plaintiffs are entitled to a declaratory judgment for any violations of law they may demonstrate by a preponderance of the evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor and against all defendants, jointly and severally, as follows:

(i)      Designating this action as a collective action on behalf of the FLSA Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and their counsel to represent the party plaintiffs;

(ii)     Issuing a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, New York Labor Law § 191, and the Wage Theft Prevention Act and NYDOL regulations and were willful;

(iii)    Awarding unpaid or underpaid wages and overtime compensation due under the Fair Labor Standards Act;

(iv)     Awarding unpaid or underpaid wages and overtime compensation and spread-of-hours wages due under New York Labor Law § 191;

(v)      Awarding liquidated damages pursuant to the Fair Labor Standards Act and the New York Labor Law.

(vi)     Awarding pre- and post-judgment interest under the NYLL;

(vii)    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

(viii)   awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial of all issues capable of being

so determined.

Dated: New York, New York
        July 24, 2019

                              KAISER SAURBORN & MAIR, P.C.


                              _____/s/ Henry L. Saurborn, Jr._____
                              Henry L. Saurborn, Jr. [HS-6583]

                              Attorneys for Plaintiffs
                              30 Broad Street, 37th floor
                              New York, New York 10004
                              (212) 338-9100
                              saurborn@ksmlaw.com

14